**CLEGG, P.C.**
Perry S. Clegg (USB No. 7831)
  *pclegg@cleggiplaw.com; court@cleggiplaw.com*
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 532-3040
Facsimile: (801) 532-3042

**ARNOLD & PORTER LLP**
Matthew M. Wolf (*pro hac vice* application forthcoming)
  *matthew.wolf@aporter.com*
Ali R. Sharifahmadian (*pro hac vice* application forthcoming)
  *ali.sharifahmadian@aporter.com*
555 12th Street, N.W.
Washington, D.C. 20004
Telephone:  202.942.5000
Facsimile:  202.942.5999

**ARNOLD & PORTER LLP**
Maxwell C. Preston (*pro hac vice* application forthcoming)
  *maxwell.preston@aporter.com*
399 Park Avenue
New York, NY 10022-4690
Telephone:  212.715.1000
Facsimile:  212.715.1399

*Attorneys for Defendant Quad/Graphics, Inc.*

### IN THE UNITED STATES DISTRICT COURT FOR
### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC, a Delaware corporation,<br><br>        Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>QUAD/GRAPHICS, INC., a Wisconsin corporation<br><br>        Defendant and Counterclaim-Plaintiff. | **QUAD/GRAPHICS' MOTION PURSUANT TO 28 U.S.C. § 1404(a) TO TRANSFER VENUE TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIV.**<br><br>JURY DEMANDED<br><br>Civil No. 2:13-CV-0397-DN<br><br>Judge David Nuffer |

# TABLE OF CONTENTS

Page

STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR MOTION ................................1

STATEMENT OF FACTS ........................................................................................................1

ARGUMENT..............................................................................................................................6

I.      LEGAL STANDARD FOR MOTIONS TO TRANSFER..................................................6

II.     THE RELEVANT FACTORS WEIGH IN FAVOR OF TRANSFER TO WISCONSIN ......................................................................................................................7

        A.      SkipPrint's Choice of Forum Is Entitled to Little Deference ................................7

        B.      Witnesses and Evidence Are Located Closer to Milwaukee, Wisconsin than to Salt Lake City ...................................................................................................8

        C.      The Cost of Making the Necessary Proof Weighs in Favor of Transfer ...............10

        D.      The Eastern District of Wisconsin Is Less Congested than this Court ..................10

        E.      The Remaining Factors Are Irrelevant or Neutral ..................................................11

CONCLUSION.........................................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Cargill, Inc. v. Prudential Ins. Co.*,
   920 F. Supp. 144 (D. Colo. 1996)...................................................................................10

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
   928 F.2d 1509 (10th Cir. 1991) ..................................................................................6, 7

*David L. v. McGraw-Hill Cos., Inc. Grp. Health Plan*,
   2014 WL 1653197 (D. Utah Apr. 23, 2014) (Sam, J.) .......................................7, 12

*Emp'rs Mut. Cas. Co. v. Batile Roofs, Inc.*,
   618 F.3d 1153 (10th Cir. 2010) ..............................................................................7, 8, 11

*GeoTag, Inc. v. Starbucks Corp.*,
   2013 WL 890484 (E.D. Tex. Jan. 14, 2013)..................................................................12, 13

*GSL Holdings Ltd. v. Elec. Educ. Devices*,
   Case No. 2:11-CV-00336-BSJ (D. Utah Feb. 23, 2012) ........................................11

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..........................................................................8, 10

*In re Nintendo Co.*,
   589 F.3d 1194 (Fed. Cir. 2009)........................................................................................9

*In re Verizon Bus. Network Servs. Inc.*,
   635 F.3d 559 (Fed. Cir. 2011)........................................................................................12

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010)......................................................................................13

*Island View Residential Treatment Ctr. v. Kaiser Permanente*,
   2009 WL 2614682 (D. Utah Aug. 21, 2009) ...................................................7, 12

*LT Tech, LLC v. FrontRange Solutions USA Inc.*,
   2013 WL 6181983 (N.D. Tex. Nov. 26, 2013)................................................12, 13

*Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*,
   896 F. Supp. 2d 1049 (D. Kan. 2012).....................................................................12

*Storage Tech. Corp. v. Cisco Sys.*,
   329 F.3d 823 (Fed. Cir. 2003)........................................................................................6

**STATUTES AND RULES:**

28 U.S.C. § 1391(b) ...................................................................................................................6

28 U.S.C. § 1391(c) ...................................................................................................................6

28 U.S.C. § 1404(a) .......................................................................................................1, 6, 8, 12

35 U.S.C. § 299 ........................................................................................................................12

Fed. R. Civ. P. 4(m) ...................................................................................................................1

Fed. R. Civ. P. 26(f) .................................................................................................................13

**OTHER AUTHORITIES:**

17 James Wm. Moore *et al.*,
  *Moore's Federal Practice*, § 111.13[1][e][i] (3d ed. 2013) .......................................................8

## STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR MOTION

Pursuant to 28 U.S.C. § 1404(a), by and through undersigned counsel of record, Defendant Quad/Graphics, Inc. ("Quad/Graphics") moves the Court to transfer this patent infringement action to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division for the convenience of the parties, witnesses, and in the interests of justice. For reasons set forth below, this motion should be granted because: (1) there is little to no connection between the facts of this case and the State of Utah; and (2) most of the relevant witnesses and sources of documentary evidence are more conveniently accessed from Wisconsin, including both party and non-party sources of evidence.

## STATEMENT OF FACTS

SkipPrint took initial steps to commence this suit on June 4, 2013, accusing Quad/Graphics of infringing five patents to which SkipPrint allegedly has an exclusive license: U.S. Patent Nos. 6,076,080; 5,666,493; 7,050,995; 7,058,596; and 5,963,641.[1] SkipPrint did not complete service within the 120 days provided by Federal Rule of Civil Procedure 4(m). Almost a year later on April 2, 2014, SkipPrint filed a "First Amended Complaint" accusing Quad/Graphics of infringing the same five patents, plus three additional patents: U.S. Patent Nos. 8,072,641; 7,706,016; and 7,298,516 (together with the other five patents, the "Asserted Patents").[2] (Although characterized as a "First Amended Complaint," this document is actually a "New Complaint" because the Rules mandate dismissal of the prior action for failure to complete service.[3]) Quad/Graphics voluntarily accepted service of the New Complaint on April 3, 2014.[4]

---

[1] *See* Doc. 2, filed June 4, 2013.
[2] *See* First Amended Complaint ("New Compl.") (Doc. 12, filed April 2, 2014).
[3] Fed. R. Civ. P. 4(m).
[4] *See* Doc. 16, filed April 15, 2014.

The Court then granted Quad/Graphics until June 2, 2014 to respond.[5]

Plaintiff SkipPrint is a Delaware corporation having a principal place of business in Los Angeles, California.[6] Other than the fact that one of the two law firms representing SkipPrint in this action is located in Utah, SkipPrint does not appear to have any connection to Utah.

Defendant Quad/Graphics is a Wisconsin corporation having a principal place of business in Sussex, Wisconsin.[7] Quad/Graphics' employees, documents, and records relevant to the allegations in SkipPrint's New Complaint are located in Wisconsin.[8] Quad/Graphics is not aware of any sources of evidence located in Utah.[9] The people responsible for maintaining Quad/Graphics' financial information (and the corresponding documents) are also located in Wisconsin.[10] Although Quad/Graphics maintains a single plant in Salt Lake City, that plant performs traditional offset printing, which Quad/Graphics understands is not at issue in this case.[11]

In its Accused Instrumentality Disclosures, SkipPrint identifies "Quad/Graphic's [sic] Web-to-Print and Variable Data Printing online service" as infringing the Asserted Patents.[12] Quad/Graphics understands these instrumentalities to refer to online web-to-print storefront services offered by Quad/Graphics under the QConnect™ mark, which is implemented via

---

[5] See Doc. 15, filed April 14, 2014.
[6] New Compl. ¶ 1.
[7] Exhibit ("Ex.") A, Declaration of Michael Fox ("Fox Decl.") ¶ 2; New Compl. ¶ 2.
[8] See Fox. Decl. ¶¶ 8-11.; Ex. B, Declaration of William Bear ("Bear Decl.") ¶¶ 6-9; Ex. C, Declaration of Stuart Mason ("Mason Decl.") ¶¶ 6-8; Ex. D, Declaration of Todd Rosencrans ("Rosencrans Decl.") ¶¶ 5-8.
[9] See Fox. Decl. ¶¶ 8-11; Bear Decl. ¶¶ 6-9; Mason Decl. ¶¶ 6-8; Rosencrans Decl. ¶¶ 5-8.
[10] Fox Decl. ¶ 9.
[11] Fox Decl. ¶ 10.
[12] See Ex. E9. All exhibits beginning with the letter E are exhibits to the Declaration of Perry S. Clegg (Ex. E).

2

MarcomCentral® software licensed from a third party.[13] Orders placed within the United States on such online storefronts are fulfilled by Quad/Graphics' facilities located in Wisconsin, as well as in limited other locations not including Utah.[14] No people with responsibilities related to QConnect (or documents related thereto) are located in Utah.[15] Rather, they are located largely in Wisconsin.[16] Quad/Graphics does not currently provide online web-to-print storefront services using the other instrumentalities identified in SkipPrint's Accused Instrumentality Disclosures (*i.e.*, Vertis OnDemand, XMPie, GMC Inspire, and Pageflex).[17]

SkipPrint also identifies "ad submission portals(s)" and "AdShuttle" as infringing the Asserted Patents.[18] Quad/Graphics understands these instrumentalities to refer to the web-based advertisement processing and delivery system offered by Quad/Graphics at www.adshuttle.com.[19] The servers that maintain that website are located in Wisconsin, as are the related documents and the responsible people.[20] Quad/Graphics has no facilities or employees in Utah with responsibilities related to AdShuttle.[21] SendMyAd, which is another instrumentality accused by SkipPrint, is not a product or service offered by Quad/Graphics.[22]

Further, SkipPrint generally identifies the "pre-flighting features" of "web-based online storefront systems . . . and/or its workflow systems" as infringing the Asserted Patents.[23] Quad/Graphics understands these instrumentalities to refer to any pre-flighting functionality that

---

[13] *See* Bear Decl. ¶¶ 3-4.
[14] *See* Bear Decl. ¶¶ 7-8.
[15] *See* Bear Decl. ¶¶ 6, 9.
[16] *See id.*
[17] *See* Fox. Decl. ¶ 5.
[18] *See* Ex. E9.
[19] *See* Mason Decl. ¶ 4.
[20] *See* Mason Decl. ¶¶ 7-8.
[21] *See* Mason Decl. ¶ 6.
[22] *See* Mason Decl. ¶ 4.
[23] *See* Ex. E9.

3

may be performed by online web-to-print storefronts, and pre-flighting performed by Quad/Graphics in its printing workflows.[24] The people knowledgeable regarding the software(s) used by Quad/Graphics to perform pre-flighting are located in Wisconsin.[25]

Lastly, SkipPrint generally identifies "[c]oupling [Quad/Graphics'] web-based online storefront system(s) to its ERP/Fulfillment and Transportation Services" as infringing the Asserted Patents.[26] Quad/Graphics understands these instrumentalities to refer to the use of management information system, warehouse management, and transportation logistics software by Quad/Graphics to the extent these software are incorporated into the online web-to-print storefront workflows.[27] So far as Quad/Graphics may have licensed such software from third parties or otherwise developed such software internally, the people knowledgeable regarding such software, and any related documents, are also located in Wisconsin.[28] Regardless, none of these employees or documents exist in Utah.[29]

SkipPrint's Accused Instrumentality Disclosures also identify several instrumentalities not applicable to Quad/Graphics, and which are therefore not relevant to the transfer analysis.[30]

The Quad/Graphics technical and marketing personnel that are likely to have discoverable information relevant to SkipPrint's allegations of patent infringement are located in Sussex or other Quad/Graphics locations in Southeastern Wisconsin. At this early stage of the litigation, key fact witnesses for Quad/Graphics are likely to include:

- Michael Fox, Executive Director of Multichannel Solutions, Multichannel

---

[24] *See* Fox Decl. ¶ 4.
[25] *See* Fox. Decl. ¶¶ 2, 6, 8, 11.
[26] *See* Ex. E9.
[27] *See* Rosencrans Decl. ¶¶ 3-4.
[28] *See* Rosencrans Decl. ¶¶ 6-8.
[29] *See* Rosencrans Decl. ¶¶ 5, 8.
[30] *See* Fox. Decl. ¶ 5.

Development. Mr. Fox works at Quad/Graphics' headquarters in Sussex, Wisconsin and oversees client-side software development and administration, as well as relationships with third-party service providers and the delivery of such services to clients. He is expected to testify regarding Quad/Graphics' operations generally, its operations with respect to pre-flighting, and the accused instrumentalities that are inapplicable to Quad/Graphics. He also can testify regarding the fact that Quad/Graphics has not willfully copied the patents asserted by SkipPrint and Quad/Graphics' lack of intent to infringe or to cause its customer to infringe the asserted patents. Mr. Fox is also knowledgeable regarding the market for at least some of the accused instrumentalities, which bears on the issue of damages.[31]

- Todd Rosencrans, Software Development Manager, Enterprise Business Solutions. Mr. Rosencrans works at Quad/Graphics' headquarters in Sussex, Wisconsin and is responsible for development of software tools used for managing transportation logistics. He is expected to testify regarding the use of management information system software, warehouse management software, and transportation logistics software within Quad/Graphics' operations.[32]

- Stuart Mason, Manager of Sales & Business Development, Workflow Product Management. Mr. Mason works at Quad/Graphics' headquarters in Sussex, Wisconsin and is the product manager for the web-based advertisement processing and delivery system offered at www.adshuttle.com. He is expected to testify regarding Quad/Graphics' operations with respect to the web-based advertisement processing and delivery system offered by Quad/Graphics at www.adshuttle.com.[33]

- William Bear, Director of Multichannel Marketing & Deployment, Imaging/PreMedia Sales. Mr. Bear works at Quad/Graphics' headquarters in Sussex, Wisconsin and leads the group at Quad/Graphics' headquarters responsible for providing and implementing online web-to-print storefront services under the mark QConnect™. He is expected to testify regarding Quad/Graphics' operations with respect to such services. Mr. Bear is also knowledgeable regarding the market for web-to-print services, which bears on the issue of damages.[34]

None of SkipPrint's operations, documents and fact witnesses appear to be in any way related to, or located in, Utah. As stated above, SkipPrint's office is in Los Angeles,

---

[31] *See* Fox Decl.
[32] *See* Rosencrans Decl.
[33] *See* Mason Decl.
[34] *See* Bear Decl.

5

California.[35]  Upon information and belief, SkipPrint has no offices, operations or employees located in Utah.

Notably, SkipPrint is only an exclusive licensee of the Asserted Patents.[36]  The eight patents asserted in this litigation are owned by four different companies; none of which are located in Utah.  Rather, the owners have their headquarters in Dayton, Ohio (Standard Register Co.), Tampa, Florida (Lykes Bros., Inc.), Pennsauken, New Jersey (ColorQuick, LLC), and Los Angeles, California (Markzware).[37]  The eight patents among them name twenty-nine individuals as purported inventors.[38]  As indicated on the cover page of the eight patents and upon information and belief, none of these individuals are located in Utah.[39]

## ARGUMENT

### I.  LEGAL STANDARD FOR MOTIONS TO TRANSFER

Under 28 U.S.C. § 1404(a), a district court may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  In reviewing a district court's decision on a motion to transfer, the Federal Circuit applies the regional circuit's law.[40]  As there can be no dispute that this case might have been brought in Wisconsin where Quad/Graphics is incorporated and has its principal place of business,[41] the Court's focus should turn to what is described in this Circuit as an "individualized, case-by-case consideration of convenience and fairness."[42]  Factors relevant

---

[35]  New Compl. ¶ 1.
[36]  *See* New Compl. ¶¶ 7, 12, 15, 21.
[37]  *See* Exs. E1-E8, E10-E13.
[38]  *See* Exs. E1-E8.
[39]  *See id.*
[40]  *See* Storage Tech. Corp. v. Cisco Sys., 329 F.3d 823, 836 (Fed. Cir. 2003).
[41]  *See* 28 U.S.C. § 1391(b)-(c).
[42]  Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

to a court's consideration are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[] all other considerations of a practical nature that make a trial easy, expeditious and economical.[43]

Quad/Graphics, as the proponent of transfer, bears the burden of establishing the inconvenience of the current forum.[44]

## II. THE RELEVANT FACTORS WEIGH IN FAVOR OF TRANSFER TO WISCONSIN

### A. SkipPrint's Choice of Forum Is Entitled to Little Deference

Although a plaintiff's choice of forum is not typically disturbed, in the Tenth Circuit it "receives less deference . . . if the plaintiff does not reside in the district."[45] Moreover, courts "accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[46]

As discussed above, neither SkipPrint nor any of the owners of the Asserted Patents are believed to have any connection to the state of Utah.[47] This non-resident status alone "militates

---

[43] *Id.*

[44] *Id.* at 1515.

[45] *Emp'rs Mut. Cas. Co. v. Batile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

[46] *Id.* (internal quotes omitted); *see also David L. v. McGraw-Hill Cos., Inc. Grp. Health Plan,* 2014 WL 1653197, at *2 (D. Utah Apr. 23, 2014) (Sam, J.) (transferring action and holding that the plaintiff's choice of venue "has less force than usual" where the chosen venue "has little connection with the operative facts of a lawsuit"); *Island View Residential Treatment Ctr. v. Kaiser Permanente,* 2009 WL 2614682, at *3 (D. Utah Aug. 21, 2009) (same).

[47] *See supra* at 2-6.

in favor of a transfer to the district where the defendant resides."[48]

Nor do the facts giving rise to this lawsuit have any relation to Utah. SkipPrint's allegations are directed to elements of Quad/Graphics' operations that occur in Wisconsin (or at least outside of Utah), or via websites that are hosted on servers located in Wisconsin.[49] Thus, to the extent that the accused instrumentalities allegedly constitute infringement — which Quad/Graphics vigorously contests — that alleged infringement would not occur in Utah.

In all, this factor weighs heavily in favor of transfer.

### B. Witnesses and Evidence Are Located Closer to Milwaukee, Wisconsin than to Salt Lake City

The Tenth Circuit has recognized that "[t]he convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[50] Moreover, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."[51] Here, transferring this case from Utah to Wisconsin would be significantly more convenient from the perspective of witnesses and other sources of evidence, which is far from "[m]erely shift[ing] the inconvenience from one side to the other."[52]

As explained above, most of Quad/Graphics' likely witnesses and documents related to the accused instrumentalities are located in Wisconsin. The United States District Court for the Eastern District of Wisconsin, Milwaukee Division is less than a twenty-five mile drive from

---

[48] 17 James Wm. Moore et al., *Moore's Federal Practice*, § 111.13[1][e][i] (3d ed. 2013); *see also Emp'rs Mut.*, 618 F.3d at 1168.
[49] *See supra* at 2-4.
[50] *Emp'rs Mut.*, 618 F.3d at 1169.
[51] *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009).
[52] *Emp'rs Mut.*, 618 F.3d at 1167.

8

Quad/Graphic's offices.[53]  On the other hand, keeping the present case in Utah would result in unnecessary inconvenience on Quad/Graphic's witnesses by requiring them to travel by air and stay in hotels overnight.  This extra travel "increases the time which these fact witnesses must be away from their regular employment."[54]

Other sources of evidence are also closer to Milwaukee than Salt Lake City.  For example, on information and belief, the seven named inventors of U.S. Patent No. 6,076,080 reside near Cincinnati, Ohio,[55] the nineteen named inventors of U.S. Patent Nos. 5,666,493; 7,050,995; and 7,058,596 reside near Tampa, Florida,[56] and the named inventor of U.S. Patent Nos. 7,298,516; 7,706,016; and 8,072,641 resides near Philadelphia, Pennsylvania.[57]  In any event, none of the named inventors are believed to reside in Utah.  The respective owners of these three groups of patents are: The Standard Register Company, an Ohio corporation with its principal place of business in Dayton, Ohio;[58] Lykes Bros., Inc., a Florida corporation with its offices in Tampa, Florida;[59] and ColorQuick LLC, a New Jersey limited liability company with its principal place of business near Philadelphia, Pennsylvania.[60]  Each of these witnesses (and documents in their possession) are important sources of evidence regarding the patents; their conception, practice, and prosecution; as well as the licensing relationship between SkipPrint and the respective licensor.  As owners and inventors of these patents, these individuals are reasonably expected to be witnesses at trial.  And travel to Milwaukee from each of their

---

[53] Ex. E14.
[54] *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).
[55] *See* Exs. E1, E15.
[56] *See* Exs. E2-E4, E16.
[57] *See* Exs. E6-E8, E17.
[58] *See* Ex. E1; Doc. 12-2, filed April 2, 2014.
[59] *See* Exs. E2-E4; Doc. 12-6, filed April 2, 2014.
[60] *See* Exs. E6-E8; Doc. 12-13, filed April 2, 2014.

9

locations is less burdensome and time consuming than travel to Salt Lake City.[61]

While it appears that the owner of the remaining patent and its two named inventors are located in California,[62] from which Salt Lake City arguably would be more convenient to reach than Milwaukee, these few witnesses do not outweigh the serious inconvenience to the vast majority of witnesses and do not permit SkipPrint to arbitrarily choose a location that is entirely unrelated to the events underlying this action.

In short, transferring this case to Wisconsin would be much more convenient for the overwhelming majority of the relevant witnesses. Thus, this factors weighs in favor of transfer.

### C. The Cost of Making the Necessary Proof Weighs in Favor of Transfer

The cost associated with discovery and trial is an important factor to consider in the transfer analysis.[63] As none of the relevant witnesses and sources of proof regarding SkipPrint's claims against Quad/Graphics are located in Utah, the cost of litigating the case in this District is expected to be much greater than if the case were transferred to Wisconsin. Quad/Graphics' witnesses and documents are located in Wisconsin, thus Quad/Graphics could avoid the cost associated with air travel, lodging and extended time away from work by its employees. And in patent infringement cases, the accused infringers hold the bulk of the relevant evidence.[64]

### D. The Eastern District of Wisconsin Is Less Congested than this Court

The four statistics of court congestion considered "most relevant" by the Tenth Circuit are: (1) median time from filing to disposition; (2) median time from filing to trial; (3) pending cases per judge; and (4) average weighted filings per judge.

---

[61] *See* Exs. E18-E23.
[62] *See* Ex. E5.
[63] *See* Cargill, Inc. v. Prudential Ins. Co., 920 F. Supp. 144, 147-48 (D. Colo. 1996).
[64] In re Genentech, Inc., 566 F.3d at 1345.

10

Case 2:14-cv-00897-RTR   Filed 07/07/14   Page 14 of 18   Document 25

Each of these statistics favors transfer.[65] The median time from filing to disposition of civil cases in the Eastern District of Wisconsin is only 6.2 months, whereas the median time in this District is 12.3 months.[66] In the Eastern District of Wisconsin there are 308 pending cases per judge, while there are 448 pending cases per judge in this District.[67] Similarly, there are 398 average weighted filings per judge in the Eastern District of Wisconsin, and 487 average weighted filings per judge in this District.[68] Lastly, while there are no statistics regarding the median time from filing to trial in the Eastern District of Wisconsin in 2013, that time in 2012 was 30.2 months, while it was 34.3 months in Utah in 2012 (and was 35.7 months in 2013).[69]

Overall, this factor strongly favors transfer.

### E. The Remaining Factors Are Irrelevant or Neutral

The remaining factors to be considered with regards to a motion to transfer are either irrelevant or neutral. As this is a federal lawsuit brought under the federal patent laws, there are no issues related to state or local law that may influence the analysis.[70] There is no question regarding the enforceability of a judgment obtained here (if jurisdiction and venue are found proper) or in the Eastern District of Wisconsin. Further, there are no known obstacles beyond significant inconvenience to obtaining a fair trial in either district. Also, as this case involves matters of federal patent law, neither local law nor conflicts of law questions are likely to arise.

Nor are there any other practical considerations to take into account beyond the

---

[65] See *Emp'rs Mutual*, 618 F.3d at 1169.
[66] Federal Court Management Statistics, *available at* (http://www.uscourts.gov/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-december-2013.pdf (relevant pages attached as Ex. E24).
[67] *Id.*
[68] *Id.*
[69] *Id.*
[70] See *GSL Holdings Ltd. v. Elec. Educ. Devices*, Slip Op., Case No. 2:11-cv-00336-BSJ (D. Utah), Doc. 34 at ECF pp. 6-7, filed Feb. 23, 2012.

significant burden that it would place on Quad/Graphics to litigate this action hundreds of miles away from its place of business and from many of the sources of evidence.[71] To the extent that SkipPrint may argue that this Court should retain the case because SkipPrint's counsel is located in Utah, "the convenience of counsel is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a)."[72]

To the extent SkipPrint argues against transfer because it has filed other cases involving the same patents in this forum, this Court should refuse to "permit the existence of separately filed cases to sway its transfer analysis."[73] Consideration of judicial economy "does not mean that, once a patent is [being] litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future [or concurrent] litigation involving that patent in that venue."[74] And "the existence of related cases standing alone" is not determinative of motions to transfer, "as these cases will all be appealed to the Federal Circuit, ensuring against inconsistent adjudications of the same patents."[75] "Allowing a plaintiff to manufacture venue based on this alone would undermine the principals [*sic*] underpinning transfer law and the recently enacted America Invents Act,"[76] which contemplates separate treatment of patent cases against unrelated defendants[77].

This rule regarding unrelated cases is particularly true where — as is true here — "such cases were in their infancy and plaintiff ha[s] 'not pointed to any common issues that would not

---

[71] *See supra* at 2-6.
[72] *David L.*, 2014 WL 1653197, at *7; *Island View*, 2009 WL 2614682, at *3.
[73] *GeoTag, Inc. v. Starbucks Corp.*, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013).
[74] Cf. *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 896 F. Supp. 2d 1049, 1067 n.74 (D. Kan. 2012) (quoting *In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011)).
[75] Cf. *id.* at 1067.
[76] *GeoTag*, 2013 WL 890484, at *6.
[77] See 35 U.S.C. § 299.

12

be present in all infringement cases' generally, such as claim construction."[78] In this action, the Court just entered a scheduling order on June 27, 2014.[79] In *SkipPrint, LLC v. Prisma Graphic*, the court has not yet entered a scheduling order, and a hearing on Prisma Graphic's motion to transfer venue is scheduled for July 11, 2014.[80] In *SkipPrint, LLC v. Vision Graphics, Inc.*, the parties have filed their respective complaints, counterclaim and answers, but it does not appear that a Rule 26(f) planning meeting has occurred and no scheduling order is entered.[81] In *SkipPrint v. KP Corp.*, defendant has not yet filed an Answer.[82]

## CONCLUSION

For the foregoing reasons, Quad/Graphics respectfully requests that this Court enter an order transferring this case to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

---

[78] *LT Tech, LLC v. FrontRange Solutions USA Inc.*, 2013 WL 6181983, at *6 (N.D. Tex. Nov. 26, 2013) (citing *GeoTag*, 2013 WL 890484, at *6); *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (the pending cases were "in the infancy stages of litigation" and the overlap of patents-at-issue was only partial).
[79] *See* Doc. 24, filed June 27, 2014.
[80] *See SkipPrint, LLC v. Prisma Graphic*, Case No. 2:13-CV-0700-TC (D. Utah), Doc. 32 at ECF 5, filed June 26, 2014; *id.*, Doc. 31, filed June 11, 2014.
[81] *See SkipPrint v. Vision Graphics, Inc.*, Case No. 2:13-cv-00678-DB (D. Utah).
[82] *See SkipPrint v. KP Corp.*, Case No. 2:14-cv-00179-PMW (D. Utah).

July 7, 2014                                    Respectfully submitted,

          /s/ Perry S. Clegg
          **CLEGG, P.C.**
          Perry S. Clegg (USB No. 7831)
          *pclegg@cleggiplaw.com;*
          *court@cleggiplaw.com*
          299 South Main, Suite 1300
          Salt Lake City, UT 84111
          Telephone: (801) 532-3040
          Facsimile: (801) 532-3042

          *Attorney for Defendant Quad/Graphics Corporation*