# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SKIPPRINT, LLC, a Delaware corporation,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>QUAD/GRAPHICS, INC., a Wisconsin corporation<br><br>    Defendant and Counterclaim-Plaintiff. | **DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>JURY DEMANDED<br><br>Case No. 14-C-897<br><br>Judge Rudolph T. Randa |

Defendant and Counterclaim-Plaintiff Quad/Graphics, Inc. ("Quad/Graphics") by and through its attorneys, hereby responds to the pleading that Plaintiff and Counterclaim-Defendant SkipPrint, LLC ("SkipPrint") has mischaracterized as a First Amended Complaint as follows:

## PRELIMINARY STATEMENT

Quad/Graphics objects to SkipPrint's characterization of its pleading as a "First Amended Complaint." At the time of its filing on April 2, 2014, no other valid pleading existed in the U.S. District Court for the District of Utah, Central Division (the "Utah Court") and, therefore, SkipPrint's pleading is an original complaint and does not properly amend or relate back to an earlier pleading.[1] More specifically, the complaint filed by SkipPrint on June 4, 2013, which the so-called First Amended Complaint purports to amend, was never served by SkipPrint and should be considered dismissed as of September 3, 2013, for failure to comply with Fed. R. Civ.

---

[1] This case was transferred to this Court from the Utah Court on July 29, 2014.

1

077047-9626\16103925.1

P. 4(m).  Quad/Graphics asserts all defenses available to it based on the fact that the effective filing date of SkipPrint's claims is April 2, 2014.

## THE PARTIES

1.      Quad/Graphics lacks sufficient information to admit or deny the allegations in Paragraph 1 and on that basis denies those allegations.

2.      Quad/Graphics states that it is a corporation organized under the laws of the State of Wisconsin with its headquarters at N61 W23044 Harry's Way, Sussex, WI 53089-3995. Quad/Graphics denies any remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      Quad/Graphics admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States. Quad/Graphics denies the merits of SkipPrint's claims against Quad/Graphics.

4.      Quad/Graphics admits that venue exists in the U.S. District Court for the Eastern District of Wisconsin.  Quad/Graphics states that it does not contest personal jurisdiction. Quad/Graphics denies the factual assertions in Paragraph 4.  The remaining allegations in Paragraph 4 allege legal conclusions as to which no response is required, thus, Quad/Graphics denies them.

## FACTUAL BACKGROUND

5.      Quad/Graphics admits that the '080 Patent shows on its face that it was issued on June 13, 2000 by the United States Patent and Trademark Office and is titled "FORMS ORDER ENTRY SYSTEM."  Quad/Graphics further admits that Exhibit A appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 5.

2

6.     Paragraph 6 alleges legal conclusions regarding claim scope as to which no response is required, thus, Quad/Graphics denies them.  Quad/Graphics denies the remaining allegations of Paragraph 6.

7.     Quad/Graphics states that Exhibit B purports to be a document titled "Exclusive License."  Quad/Graphics lacks sufficient information to admit or deny the remaining allegations in Paragraph 7 and on that basis denies those allegations.

8.     Quad/Graphics admits that the '493 Patent shows on its face that it was issued on September 9, 1994 by the United States Patent and Trademark Office and is titled "SYSTEM FOR MANAGING CUSTOMER ORDERS AND METHOD OF IMPLEMENTATION."  Quad/Graphics further admits that Exhibit C appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 8.

9.     Quad/Graphics admits that the '995 Patent shows on its face that it was issued on May 23, 2006 by the United States Patent and Trademark Office and is titled "SYSTEM FOR CUSTOMER ORDERS AND METHOD OF IMPLEMENTATION."  Quad/Graphics further admits that Exhibit D appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 9.

10.     Quad/Graphics admits that the '596 Patent shows on its face that it was issued on June 6, 2006 by the United States Patent and Trademark Office and is titled "SYSTEM FOR MANAGING CUSTOMER ORDERS AND METHODS OF IMPLEMENTATION."  Quad/Graphics further admits that Exhibit E appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 10.

3

11.     Paragraph 11 alleges legal conclusions regarding claim scope as to which no response is required, thus, Quad/Graphics denies them.  Quad/Graphics denies the remaining allegations of Paragraph 11.

12.     Quad/Graphics states that Exhibit F purports to be a document titled "Exclusive License."  Quad/Graphics lacks sufficient information to admit or deny the remaining allegations in Paragraph 12 and on that basis denies those allegations.

13.     Quad/Graphics admits that the Markzware '641 Patent shows on its face that it was issued on October 5, 1999 by the United States Patent and Trademark Office and is titled "DEVICE AND METHOD FOR EXAMINING, VERIFYING, CORRECTING AND APPROVING ELECTRONIC DOCUMENTS PRIOR TO PRINTING, TRANSMISSION OR RECORDING."  Quad/Graphics further admits that Exhibit G appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 13.

14.     Paragraph 14 alleges legal conclusions regarding claim scope as to which no response is required, thus, Quad/Graphics denies them.  Quad/Graphics denies the remaining allegations of Paragraph 14.

15.     Quad/Graphics states that Exhibit H purports to be a document titled "Exclusive License."  Quad/Graphics lacks sufficient information to admit or deny the remaining allegations in Paragraph 15 and on that basis denies those allegations.

16.     Quad/Graphics states that it received a letter from SkipPrint on or about May 21, 2013, but not the letter attached as Exhibit I.  Quad/Graphics denies that it has engaged in infringing activities.  The remainder of Paragraph 16 alleges legal conclusions regarding notice as to which no response is required, thus, Quad/Graphics denies them.

4

17.     Quad/Graphics admits that the ColorQuick '641 Patent shows on its face that it was issued on December 6, 2011 by the United States Patent and Trademark Office and is titled "Computer program product for preparation of production data for a print job using a still image proxy of a page description language image file."  Quad/Graphics further admits that Exhibit J appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 17.

18.     Quad/Graphics admits that the ColorQuick '016 Patent shows on its face that it was issued on April 27, 2010 by the United States Patent and Trademark Office and is titled "Preparation of production data for a print job using a still image proxy of a page description language image file."  Quad/Graphics further admits that Exhibit K appears to be a copy of this patent.  Quad/Graphics denies the remaining allegations in Paragraph 18.

19.     Quad/Graphics admits that the ColorQuick '516 Patent shows on its face that it was issued by the United States Patent and Trademark Office and is titled "Preparation of production data for a print job using a still image proxy of a page description language image file."  Quad/Graphics further admits that Exhibit L appears to be a copy of this patent. Quad/Graphics denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 alleges legal conclusions regarding claim scope as to which no response is required, thus, Quad/Graphics denies them.  Quad/Graphics denies the remaining allegations of Paragraph 20.

21.     Quad/Graphics states that Exhibit M purports to be a document titled "Exclusive License."  Quad/Graphics lacks sufficient information to admit or deny the remaining allegations in Paragraph 21 and on that basis denies those allegations.

5

22.     As Quad/Graphics cannot locate the referenced alleged correspondence,

Quad/Graphics denies the allegations in Paragraph 22.

### COUNT I — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,076,080

23.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs

1-22, as if fully set forth herein.

24.     Quad/Graphics admits that it maintains a website at

*http://kawasakiadplanner.com/ShowroomShop/* and a website at

*http://usfigureskating.qconnect.com/.* Quad/Graphics denies the remaining allegations in

Paragraph 24.

25.     Quad/Graphics denies the allegations in Paragraph 25.

26.     Quad/Graphics admits that the webpages located at

*http://www.qg.com/markets/Commercial-Specialty/*,

*http://www.quaddirect.com/solutions/workflow_solutions/deploy.asp*,

*https://www.quaddirect.com/success-stories/*, and

*http://www.qg.com/services/DirectMarketing/deployment.asp* are maintained by it.

Quad/Graphics denies the remaining allegations in Paragraph 26.

27.     Quad/Graphics denies the allegations in Paragraph 27.

28.     Quad/Graphics denies the allegations in Paragraph 28.

29.     Quad/Graphics denies the allegations in Paragraph 29.

30.     Quad/Graphics denies the allegations in Paragraph 30.

31.     Quad/Graphics denies the allegations in Paragraph 31.

32.     Quad/Graphics denies the allegations in Paragraph 32.

077047-9626\16103925.1

**COUNT II — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,050,995**

33.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-32, as if fully set forth herein.

34.     Quad/Graphics denies the allegations in Paragraph 34.

35.     Quad/Graphics denies the allegations in Paragraph 35.

36.     Quad/Graphics denies the allegations in Paragraph 36.

37.     Quad/Graphics denies the allegations in Paragraph 37.

38.     Quad/Graphics denies the allegations in Paragraph 38.

39.     Quad/Graphics denies the allegations in Paragraph 39.

**COUNT III — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,058,596**

40.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-39, as if fully set forth herein.

41.     Quad/Graphics denies the allegations in Paragraph 41.

42.     Quad/Graphics denies the allegations in Paragraph 42.

43.     Quad/Graphics denies the allegations in Paragraph 43.

44.     Quad/Graphics denies the allegations in Paragraph 44.

45.     Quad/Graphics denies the allegations in Paragraph 45.

46.     Quad/Graphics denies the allegations in Paragraph 46.

**COUNT IV — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,666,493**

47.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-46, as if fully set forth herein.

48.     Quad/Graphics denies the allegations in Paragraph 48.

49.     Quad/Graphics denies the allegations in Paragraph 49.

50.     Quad/Graphics denies the allegations in Paragraph 50.

51.     Quad/Graphics denies the allegations in Paragraph 51.

52.     Quad/Graphics denies the allegations in Paragraph 52.

53.     Quad/Graphics denies the allegations in Paragraph 53.

### COUNT V — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,963,641

54.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-53, as if fully set forth herein.

55.     Quad/Graphics denies the allegations in Paragraph 55.

56.     Quad/Graphics denies the allegations in Paragraph 56.

57.     Quad/Graphics denies the allegations in Paragraph 57.

58.     Quad/Graphics denies the allegations in Paragraph 58.

59.     Quad/Graphics denies the allegations in Paragraph 59

60.     Quad/Graphics denies the allegations in Paragraph 60.

### COUNT VI — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,072,641

61.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-60, as if fully set forth herein.

62.     Quad/Graphics denies the allegations in Paragraph 62.

63.     Quad/Graphics denies the allegations in Paragraph 63.

64.     Quad/Graphics denies the allegations in Paragraph 64.

65.     Quad/Graphics denies the allegations in Paragraph 65.

66.     Quad/Graphics denies the allegations in Paragraph 66.

8

**COUNT VII — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,706,016**

67.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-66, as if fully set forth herein.

68.     Quad/Graphics denies the allegations in Paragraph 68.

69.     Quad/Graphics denies the allegations in Paragraph 69.

70.     Quad/Graphics denies the allegations in Paragraph 70.

71.     Quad/Graphics denies the allegations in Paragraph 71.

72.     Quad/Graphics denies the allegations in Paragraph 72.

**COUNT VII — ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,298,516**

73.     Quad/Graphics restates and incorporates by reference its responses to Paragraphs 1-72, as if fully set forth herein.

74.     Quad/Graphics denies the allegations in Paragraph 74.

75.     Quad/Graphics denies the allegations in Paragraph 75.

76.     Quad/Graphics denies the allegations in Paragraph 76.

77.     Quad/Graphics denies the allegations in Paragraph 77.

78.     Quad/Graphics denies the allegations in Paragraph 78.

**PRAYER FOR RELIEF**

Quad/Graphics denies that SkipPrint is entitled to any of the requested relief and denies any allegations in SkipPrint's prayer for relief.

**DEMAND FOR JURY TRIAL**

Quad/Graphics requests a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

077047-9626\16103925.1

**AFFIRMATIVE DEFENSES**

Quad/Graphics alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, Quad/Graphics specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery:

### FIRST DEFENSE — FAILURE TO STATE A CLAIM

SkipPrint's pleading, mischaracterized as a First Amended Complaint, fails to state a claim upon which relief can be granted, including, but not limited to, because it fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### SECOND DEFENSE — NON-INFRINGEMENT

Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any valid claim of the '080 Patent, the '493 Patent, the '995 Patent, the '596 Patent, the Markzware '641 Patent, the ColorQuick '641 Patent, the ColorQuick '016 Patent, and/or the ColorQuick '516 Patent (collectively, the "Asserted Patents").

### THIRD DEFENSE — INVALIDITY

The claims of the Asserted Patents are invalid under 35 U.S.C. § 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

10

### FOURTH DEFENSE — WAIVER, ACQUIESCENCE AND/OR CONSENT

SkipPrint is barred from relief, in whole or in part, under the doctrines of waiver, acquiescence and/or consent.

### FIFTH DEFENSE — LACHES

SkipPrint is barred from relief, in whole or in part, under the doctrine of laches.

### SIXTH DEFENSE — ESTOPPEL

SkipPrint is barred from relief, in whole or in part, under the doctrines of equitable estoppel and/or prosecution history estoppel.

### SEVENTH DEFENSE — UNCLEAN HANDS

SkipPrint is barred from relief, in whole or in part, by unclean hands.

### EIGHTH DEFENSE — BAR TO DAMAGES

SkipPrint's claims for damages are barred, in whole or in part, 35 U.S.C. § 286 (six year limitation) and/or 35 U.S.C. § 287 (marking). Without limitation, because SkipPrint's pleading, mischaracterized as a First Amended Complaint, does not properly relate back to any earlier complaint, SkipPrint is not entitled to damages, if any, earlier than April 2, 2008.

### NINTH DEFENSE — NO INJUNCTIVE RELIEF

SkipPrint is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable injury.

### TENTH DEFENSE — MITIGATION OF DAMAGES

SkipPrint is barred from relief, in whole or in part, by its failure to mitigate damages, if any, with respect to its infringement allegations against SkipPrint.

## ELEVENTH DEFENSE — LACK OF INTENT

Quad/Graphics is not liable for acts alleged to have been taken by Quad/Graphics before it knew that its actions would allegedly cause infringement, either by contributing to or inducing such infringement. Further, Quad/Graphics lacks any specific intent to infringe any claims of the Asserted Patents, thus barring claims of indirect infringement.

## TWELFTH DEFENSE — NO LIABILITY DUE TO BANKRUPTCY

To the extent that SkipPrint is alleging infringement by Vertis Holdings, Inc. or any of its affiliated entities, Quad/Graphics cannot be liable for any such infringement.

On October 10, 2012, Vertis Holdings, Inc. and certain affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and Quad/Graphics Marketing, LLC entered into an Asset Purchase Agreement with Vertis Holdings by which Quad/Graphics Marketing, LLC agreed to purchase substantially all of the assets of the Debtors (the "Sale") free and clear of any and all liens, liabilities, and other claims and interests, and without any liability as successor to or transferee of any of the Debtors, or on account of any deemed merger with or into any Debtor, or continuation of any Debtor or such Debtor's enterprises, or otherwise on account of any acts or omissions of any Debtor, all as provided for in the Asset Purchase Agreement.

On December 6, 2012, the Bankruptcy Court entered an order (the "Sale Order"), (I) Authorizing and Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Asset Purchase Agreement with Quad/Graphics Marketing, LLC; (II) Authorizing the Debtors to Enter Into and Perform

12

Their Obligations Under the Asset Purchase Agreement; (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (IV) Granting Certain Related Relief, which approved the Debtors' sale of substantially all of its assets to Quad/Graphics Marketing, LLC, and specifically ordered, inter alia, that neither Quad/Graphics Marketing, LLC nor any of its successors in interest shall have any liability for any act, failure to act or conduct of any of the Debtors by reason of successor or transferee liability, consolidation, merger, de facto merger, or continuation of the Debtors or otherwise arising out of or relating to any occurrence or event that occurred prior to the closing date of the Sale on January 16, 2013.  The Sale Order expressly enjoins the commencement or continuation of any action or claim based upon any theory of successor or transferee liability.

Accordingly, to the extent that any claim alleges any liability or damages against Quad/Graphics Marketing, LLC and its affiliated entities predicated upon any theory of successor or transferee liability, or states any claim against Quad/Graphics Marketing, LLC and its affiliated entities for any act, failure to act or conduct of the Debtors that occurred prior to the closing of the Sale on January 16, 2013, by reason of successor or transferee liability, consolidation, merger, de facto merger, or continuation of any of the Debtors or otherwise arising out of or relating to any occurrence or event prior to the closing date of the Sale, any such claim fails to state a claim on which relief can be granted.

Quad/Graphics  reserves its right to seek relief in the Bankruptcy Court for any violation of the Sale Order.

## THIRTEENTH DEFENSE — RESERVATION OF DEFENSES

Quad/Graphics reserves all affirmative defenses under Fed. R. Civ., P. 8(c), the patent laws, and any other defenses available at law or in equity, that may in the future be available based on discovery or any other factual investigation concerning this action.


## COUNTERCLAIMS

Quad/Graphics, Inc. ("Quad/Graphics"), by and through undersigned counsel, and pursuant to Rule 13 of the Federal Rules of Civil Procedure, for its counterclaims against SkipPrint, LLC ("SkipPrint") alleges as follows:

### THE PARTIES

1.      Quad/Graphics is a corporation organized under the laws of the State of Wisconsin with its headquarters at N61 W23044 Harry's Way, Sussex, WI 53089-3995.

2.      Upon information and belief, SkipPrint purports to be a corporation organized under the laws of the State of Delaware with a principal place of business at 1875 Century Park East, Suite 700, Los Angeles, California 90067.

### JURISDICTION AND VENUE

3.      Subject to Quad/Graphics's affirmative defenses and denials, Quad/Graphics alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4.      Subject to Quad/Graphics's affirmative defenses and denials, Quad/Graphics alleges that venue for these Counterclaims exists in this district.

14

077047-9626\16103925.1

5. This Court has personal jurisdiction over SkipPrint because, *inter alia*, it has submitted to the jurisdiction of this Court by bringing the present action.

## BACKGROUND

6. In its pleading, mischaracterized as a First Amended Complaint, SkipPrint asserts that Quad/Graphics has infringed United States Patent 6,076,080 ("the '080 Patent"), United States Patent 5,666,493 ("the '493 Patent"), United States Patent 7,050,995 ("the '995 Patent"), United States Patent 7,058,596 ("the '596 Patent"), United States Patent 5,963,641 ("the Markzware '641 Patent"), United States Patent 8,072,641 ("the ColorQuick '641 Patent"), United States Patent 7,706,016 ("the ColorQuick '016 Patent"), and United States Patent 7,298,516 ("the ColorQuick '516 Patent") (collectively, the "Asserted Patents"). Quad/Graphics denies SkipPrint's allegations of infringement and further denies that the Asserted Patents are valid. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the Asserted Patents.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '080 PATENT)

7. Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 6 of these Counterclaims.

8. Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the '080 Patent.

9. An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the '080 Patent, whether directly or indirectly.

077047-9626\16103925.1

10.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the '080 Patent.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '080 PATENT)

11.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 10 of these Counterclaims.

12.     The claims of the '080 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

13.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the '080 Patent.

14.     Quad/Graphics is entitled to a judicial declaration that the '080 Patent is invalid.

## THIRD COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '493 PATENT)

15.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 14 of these Counterclaims.

16.     Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the '493 Patent.

17.     An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the '493 Patent, whether directly or indirectly.

18.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the '493 Patent.

16

## FOURTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '493 PATENT)

19.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 18 of these Counterclaims.

20.     The claims of the '493 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the '493 Patent.

22.     Quad/Graphics is entitled to a judicial declaration that the '493 Patent is invalid.

## FIFTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '995 PATENT)

23.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 22 of these Counterclaims.

24.     Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the '995 Patent.

25.     An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the '995 Patent, whether directly or indirectly.

26.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the '995 Patent.

077047-9626\16103925.1

## SIXTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '995 PATENT)

27.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 26 of these Counterclaims.

28.     The claims of the '995 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

29.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the '995 Patent.

30.     Quad/Graphics is entitled to a judicial declaration that the '995 Patent is invalid.

## SEVENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '596 PATENT)

31.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 30 of these Counterclaims.

32.     Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the '596 Patent.

33.     An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the '596 Patent, whether directly or indirectly.

34.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the '596 Patent.

077047-9626\16103925.1

## EIGHTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '596 PATENT)

35.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 34 of these Counterclaims.

36.     The claims of the '596 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the '596 Patent.

38.     Quad/Graphics is entitled to a judicial declaration that the '596 Patent is invalid.

## NINTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## THE MARKZWARE '641 PATENT)

39.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 38 of these Counterclaims.

40.     Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the Markzware '641 Patent.

41.     An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the Markzware '641 Patent, whether directly or indirectly.

42.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the Markzware '641 Patent.

19

## TENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF
## THE MARKZWARE '641 PATENT)

43.    Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 42 of these Counterclaims.

44.    The claims of the Markzware '641 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.    An actual and justiciable controversy exists with respect to the invalidity of the claims of the Markzware '641 Patent.

46.    Quad/Graphics is entitled to a judicial declaration that the Markzware '641 Patent is invalid.

## ELEVENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
## THE COLORQUICK '641 PATENT)

47.    Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 46 of these Counterclaims.

48.    Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the ColorQuick '641 Patent.

49.    An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the ColorQuick '641 Patent, whether directly or indirectly.

50.    Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the ColorQuick '641 Patent.

20

## TWELFTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF
### THE COLORQUICK '641 PATENT)

51.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 50 of these Counterclaims.

52.     The claims of the ColorQuick '641 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

53.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the ColorQuick '641 Patent.

54.     Quad/Graphics is entitled to a judicial declaration that the ColorQuick '641 Patent is invalid.

## THIRTEENTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### THE COLORQUICK '016 PATENT)

55.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 54 of these Counterclaims.

56.     Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the ColorQuick '016 Patent.

57.     An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the ColorQuick '016 Patent, whether directly or indirectly.

58.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the ColorQuick '016 Patent.

21

## FOURTEENTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE COLORQUICK '016 PATENT)

59.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 58 of these Counterclaims.

60.     The claims of the ColorQuick '016 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

61.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the ColorQuick '016 Patent.

62.     Quad/Graphics is entitled to a judicial declaration that the ColorQuick '016 Patent is invalid.

## FIFTEENTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE COLORQUICK '516 PATENT)

63.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 62 of these Counterclaims.

64.     Quad/Graphics does not infringe and has not infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents any claim of the ColorQuick '516 Patent.

65.     An actual and justiciable controversy exists with respect to SkipPrint's allegations that Quad/Graphics has infringed the ColorQuick '516 Patent, whether directly or indirectly.

66.     Quad/Graphics is entitled to a judicial declaration that it does not infringe any claim of the ColorQuick '516 Patent.

22

077047-9626\16103925.1

## SIXTEENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF
## THE COLORQUICK '516 PATENT)

67.     Quad/Graphics re-alleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 66 of these Counterclaims.

68.     The claims of the ColorQuick '516 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

69.     An actual and justiciable controversy exists with respect to the invalidity of the claims of the ColorQuick '516 Patent.

70.     Quad/Graphics is entitled to a judicial declaration that the ColorQuick '516 Patent is invalid.

## RELIEF REQUESTED

WHEREFORE, Quad/Graphics requests judgment as follows:

a)     A judgment in favor of Quad/Graphics denying SkipPrint all relief requested in its pleading, mischaracterized as a First Amended Complaint, in this action and dismissing SkipPrint's claims for patent infringement with prejudice;

b)     A judgment in favor of Quad/Graphics on all of its Counterclaims;

c)     A declaration that Quad/Graphics has not infringed, contributed to the infringement of, or induced others to infringe, either literally or under the doctrine of equivalents, any valid claims of the Asserted Patents;

d)     A declaration that the Asserted Patents are invalid;

077047-9626\16103925.1

e)    A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Quad/Graphics of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

f)    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

With respect to its counterclaims, Quad/Graphics requests a trial by jury pursuant to Fed. R. Civ. P. 38 on all claims and issues so triable.

077047-9626\16103925.1

Dated this 30th day of December, 2014.

/s/ Jonathan H. Margolies
Jonathan H. Margolies, Bar No. 1000452
Attorney for Defendant Quad/Graphics, Inc.
Michael Best & Friedrich, LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202
Telephone: (414) 225-2784
Fax: (414) 277-0656
E-mail: jhmargolies@michaelbest.com

Matthew M. Wolf, Bar No. DC 454323
Ali R. Sharifahmadian, Bar No. DC 480876
Attorney for Defendant Quad/Graphics, Inc.
Arnold & Porter, LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
E-mail: matthew.wolf@aporter.com
          ali.sharifahmadian@aporter.com

Maxwell C. Preston, Bar No. NY 4806162
Attorney for Defendant Quad/Graphics, Inc.
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022-4690
Telephone:  (212) 715-1000
Facsimile: (212) 715-1399
E-mail: maxwell.preston@aporter.com

25